UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.                                  CASE #8:07-CV-816-T-30TBM

ANGELO RAGONE and
NEW YORK PARTNERSHIP EXCHANGE, INC.,

        Defendants.
_____/

# FINAL JUDGMENT AGAINST NEW YORK PARTNERSHIP EXCHANGE, INC.

The Securities and Exchange Commission having filed a Complaint, and Defendant New York Partnership Exchange, Inc., having: waived service of a summons and the Complaint; entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS ORDERED AND ADJUDGED** that New York Partnership Exchange and its agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with it who receive actual notice of this Final Judgment by personal

service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## I.

**IT IS ORDERED AND ADJUDGED** that New York Partnership Exchange and its agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with it who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1), (2), and (3) of the Securities Act of 1933 [15 U.S.C. § § 77q(a)(1), (2), and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;  or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS ORDERED AND ADJUDGED** that New York Partnership Exchange and its agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with it who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § § 78o(a)(1)] by using the mails or any means or instrumentality of interstate commerce to engage in the business of effecting transactions in, or inducing or attempting to induce the purchase or sale of, of securities for the accounts of others and for its own account without registering as a broker-dealer with the Commission or without associating with a broker-dealer registered with the Commission.

### IV.

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that New York Partnership Exchange shall pay, on a joint and several basis with Angelo Ragone, disgorgement of

$24,120, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,510.67, for a total of $29,630.67.  New York Partnership Exchange shall also pay a civil penalty in the amount of $35,000 pursuant to Section 21(d) of the Exchange Act.  New York Partnership Exchange shall make these payments within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying New York Partnership Exchange as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

     The amount ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, New York Partnership Exchange shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on its payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of New York Partnership Exchange's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, New York Partnership Exchange shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against New York Partnership Exchange by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

New York Partnership Exchange shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that New York Partnership Exchange pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. New York Partnership Exchange shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that New York Partnership Exchange pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## V.

**IT IS FURTHER ORDERED AND ADJUDGED** that New York Partnership Exchange's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that New York Partnership Exchange shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

## VIII.

The Clerk is directed to terminate any pending motions and CLOSE this file.

**DONE** and **ORDERED** in Tampa, Florida on May 15, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Conformed copies to:</u>
Counsel/Parties of Record

S:\Even\2007\07-cv-816.FJ NY PARTNERSHIP.wpd